IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO: 5:20-CV-504-M

| | |
|---|---|
| LUZ HERNANDEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) ORDER |
| v. | ) |
| | ) |
| MOBILE LINK (N.C.) LLC, and, | ) |
| MOBILELINK NORTH CAROLINA, LLC, | ) |
| | ) |
| Defendants. | ) |

Before the Court are Plaintiff's Motion for Entry of Default [DE 9], Defendants' "Partial Motion to Dismiss Plaintiff's Complaint" [DE 16], and Defendants' "Partial Motion to Dismiss Plaintiff's First Amended Complaint . . ." [DE 28]. The Court's adjudication of these motions requires a review of the procedural history of this case. Plaintiff filed her original Complaint on September 25, 2020, then filed a proof of service of the summons and Complaint on Defendants on October 6, 2020. When no answer or other response was filed, the Court issued a notice directing the Plaintiff to take action in accordance with Fed. R. Civ. P. 55. Plaintiff timely filed the present motion for entry of default on October 29, 2020. Defendants filed a response in opposition to the motion, as well as the present motion for partial dismissal of the Complaint and an Answer on November 19, 2020. Pursuant to Fed. R. Civ. P. 15(a), Plaintiff filed an Amended Complaint on December 9, 2020, then filed the operative "corrected" Amended Complaint on December 10, 2020. *See* DE 24. Within the time required by applicable rules, Defendants filed an Answer and a motion for partial dismissal of the Amended Complaint.

Based on the Plaintiff's filing of the Amended Complaint, the Court finds Defendants' motion for partial dismissal of the initial Complaint has been rendered moot and, thus, it is DENIED. *See Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'") (quoting *Young v. City of Mt. Ranier*, 238 F.3d 567, 573 (4th Cir. 2001)). Moreover, as the motion for entry of default is based on the Defendants' apparent failure to respond to the original Complaint, it too has been rendered moot by the subsequent filing of the Amended Complaint, Answer to the Amended Complaint, and motion for partial dismissal of the Amended Complaint. *Quinn v. N. Carolina Dep't of Health & Human Servs.*, No. 319CV00391FDWDCK, 2020 WL 369290, at *2 (W.D.N.C. Jan. 22, 2020) ("Because the amended complaint superseded the original complaint, there was, in effect, no longer an 'original' complaint to which Defendant could respond, much less be liable for default.").

Accordingly, Plaintiff's Motion for Entry of Default [DE 9] and Defendants' "Partial Motion to Dismiss Plaintiff's Complaint [DE 16] are DENIED as moot. The Court will reserve judgment on Defendants' "Partial Motion to Dismiss Plaintiff's Amended Complaint" [DE 28] until briefing is complete in accordance with the applicable federal and local court rules.

SO ORDERED this 29th day of December, 2020.

*Richard E Myers II*

RICHARD E. MYERS II
UNITED STATES DISTRICT JUDGE