IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO.: 5:20-cv-00504

| | |
|---|---|
| LUZ HERNANDEZ, on behalf of herself and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>MOBILE LINK (N.C.) LLC, MOBILELINK NORTH CAROLINA LLC, CRICKET WIRELESS LLC<br><br>Defendants. | **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CRICKET WIRELESS, LLC'S PARTIAL MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** |

**COMES NOW** Defendant, CRICKET WIRELESS LLC ("Cricket Wireless" or "Defendant"), by and through its undersigned counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Local Rules 7.1 and 7.2, and hereby moves the Court for an Order partially dismissing the Third Cause of Action against it in Plaintiff Luz Hernandez's ("Plaintiff") Second Amended Complaint [DE # 84] for Failure to Exhaust Administrative Remedies pursuant to Fed. R. Civ. P. 12(b)(6) and Local Rules 7.1 and 7.2 and has failed to state a claim upon which relief can be granted.

**PROCEDURAL POSTURE & RELEVANT STATEMENT OF THE FACTS AS ALLEGED BY PLAINTIFF**

Initially, according to Plaintiff, Defendants Mobile Link (N.C.) LLC and Mobilelink North Carolina LLC ("Mobilelink") allegedly discriminated, harassed, and wrongfully terminated her on the basis of her race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). [See, DE # 1]. Again, following Plaintiff's receipt of her *Right to Sue* notice on December 7, 2020, Plaintiff filed her First Amended Complaint realleging Mobilelink

1

discriminated, harassed, and wrongfully terminated her. [See, DE # 24]. Furthermore, and of import to this Motion, Plaintiff's Charge of Discrimination only lists Mobilelink as a respondent in her *Charge of Discrimination*. [See, DE # 29-1].[1] Indeed, a careful reading of Plaintiff's *Charge of Discrimination* fails to mention Cricket Wireless whatsoever. [See, DE # 29-1].

Despite this, Plaintiff now alleges in her Second Amended Complaint that Cricket Wireless, along with Mobilelink, allegedly discriminated, retaliated, and wrongfully discharged her in violation of Title VII. [See, DE # 84, ¶¶ 149-162].

## **ARGUMENT**

These new allegations in Plaintiff's Second Amended Complaint allege for the first time Cricket Wireless discriminated, retaliated and wrongfully discharged Plaintiff in violation of Title VII (titled as her "Third Cause of Action"). These Title VII-based claims against Cricket Wireless should be dismissed for Plaintiff's failure to exhaust her administrative remedies, and, as such, failure to state a claim upon which relief can be granted.

## I.     The Motion to Dismiss Standard under Rule 12(b)(6)[2]

---

[1] While ruling on a motion to dismiss under Rule12(b)(6) a court's evaluation is generally limited to allegations contained in the complaint. Goines v. Calley Cmty. Servs. Bd., 822 F.3d 159, 166-67 (4th Cir. 2016). However, courts may also consider documents explicitly incorporated into the complaint by reference. Id. at 166 (citing Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)). In addition, a court may "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." Id. Cricket Wireless notes for the Court that both the Charge of Discrimination and Right to Sue Notice are already in the record for this matter, and, regardless, are explicitly incorporated into Plaintiff's Title VII-based allegations.

[2] As discussed in greater detail below, Cricket Wireless respectfully contends that Rule 12(b)(6) is the most appropriate way to address Plaintiff's failure to exhaust her administrative remedies under Title VII in light of the Supreme Court's decision in Fort Bend County, Texas v. Davis, 139 S. Ct. 1843, 204 L. Ed. 2d 116 (2019). However, Mobilelink is aware courts in the Fourth Circuit occasionally continue to examine these matters under Rule 12(b)(1). See, Williams v. Rite Aid of Md., Inc., 2020 U.S. Dist. LEXIS 228464 at *6-7 (D. Md. December 4, 2020) (dismissing a plaintiff's sex-based discrimination, harassment, and retaliation claims under Rule 12(b)(1) due to her failure to exhaust her administrative remedies by failing to allege with particularly such claim in her *Charge of Discrimination*.). Here, Cricket Wireless contends Plaintiff would also fail this Court's subject matter jurisdiction in a similar analysis.

2

The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Presley v. City of Charlottesville, 464 F.3d 480, 483 (4th Cir. 2006).

The current standard for pleadings is well articulated by the Supreme Court. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss". Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009) (*citing* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556, 127 S. Ct. 1955, 1965 (2007)).

When considering a motion to dismiss, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs, Inc. v. Makari, 7 F.3d 1130, 1134 (4th Cir. 1993). Not all allegations are entitled to this presumption however, because the court "need not accept the legal conclusions drawn from the facts, and [they] need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). Thus, "[a] pleading that offers 'labels and conclusions or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (*citing* Twombly, 550 U.S. at 555, 127 S. Ct. at 1965).

To the extent the complaint contains well-pleaded factual allegations, the court next determines whether those allegations plausibly allege a claim upon which relief can be granted. Id. "To survive a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff's 'factual allegations must be enough to raise a right to relief above the speculative level,' thereby nudg[ing] their claims across the line from conceivable to plausible." Aziz v. Alcolac, Inc., 658 F.3d 388, 391 (4th Cir. 2011) (*quoting* Twombly, 550 U.S. at 555, 127 S. Ct. at 1965). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

3

defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The determination of whether a complainant has sufficiently pled a claim "is a context-specific task that requires the reviewing court to draw on its judicial experiences and common sense." Id. at 679. Thus, post Twombly/Iqbal, some amount of factual detail is now required to survive a Rule 12(b)(6) motion.

Finally, while ruling on a motion to dismiss under Rule12(b)(6) a court's evaluation is generally limited to allegations contained in the complaint. Goines v. Calley Cmty. Servs. Bd., 822 F.3d 159, 166-67 (4th Cir. 2016). However, courts may also consider documents explicitly incorporated into the complaint by reference. Id. at 166 (citing Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)). In addition, a court may "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." Id.

## II. Plaintiff's Title VII-based Claims Against Cricket Wireless Must Be Dismissed for Failure to Exhaust Administrative Remedies

Before filing suit under Title VII, a plaintiff must first exhaust her administrative remedies. 42 U.S.C. § 2000e-5(e)(1). Examining Title VII, the Supreme Court recently opined that "Title VII's charge-filing requirements is not of jurisdictional cast." See, Fort Bend County, Texas v. Davis, 139 S. Ct. 1843, 204 L. Ed. 2d 116 (2019). However, it is nonetheless a "prudential prerequisite" for an employee to bring a claim of discrimination under Title VII. See id., at 139 S. Ct. 1848, 204 L. Ed. 2d 124. The Court also went to great pains to repeatedly note that its decision in Fort Bend did not mean a plaintiff could ignore the administrative process and requirements of the same. As the Court stated, "a Title VII complainant would be foolhardy consciously to take the risk of [of filing a claim without exhausting the required administrative requirements under Title VII" as an employer in such a case would have "good reason [to]

4

promptly [] raise an objection that may rid them of the lawsuit filed against them." Id., 139 S. Ct. 1851-52, 204 L. Ed. 2d 127.  After all, "Title VII's charge-filing requirement is a . . . mandatory one." Id., 139 S. Ct. 1851, 204 L. Ed. 2d 127.  And, such a mandatory requirement "must [be] enforce[d] [] if a party properly raises it". Id., 139 S. Ct. 1849, 204 L. Ed. 2d 125 (emphasis added). The filing of an administrative charge and undergoing the administrative process "is not simply a formality to be rushed through so that an individual can quickly file his subsequent lawsuit . . . Rather, the [administrative process] itself serves a vital function in the process of remedying an unlawful employment practice." Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401, 407 (4th Cir. 2013) (internal quotation and citation omitted).

When a plaintiff brings a charge with the EEOC, that charge must be "sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b).  This requirement ensures that the employer is put on notice of its employee's claims and is afforded an opportunity to resolve them out of court. Miles v. Dell, Inc., 429 F.3d 480, 492 (4th Cir. 2005).  In a subsequent suit, a plaintiff may only advance those claims which are "reasonably related to [the] EEOC charge and can be expected to follow from a reasonable administrative investigation." Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000).

Here, Plaintiff, in her Third Cause of Action, alleges for the first time that Cricket Wireless, along with Mobilelink, allegedly discriminated, retaliated, and wrongfully discharged her in violation of Title VII.  [See, DE # 84, ¶¶ 149-162].  However, Plaintiff **only** ever alleged violations of Title VII against Mobilelink in her Charge of Discrimination.  [See, DE # 29-1].  In fact, as noted above, a careful reading of Plaintiff's Charge of Discrimination does not even list Cricket Wireless as a respondent.  [See, DE # 29-1].  Moreover, the Right to Sue notice issued by the EEOC did not list Cricket Wireless as a recipient.  [See, DE # 24-1].

5

In short, Cricket Wireless did not – and could not – have notice of Plaintiff's Title VII-based allegations against it until the recent filing of Plaintiff's Second Amended Complaint as a Charge of Discrimination was <u>never</u> filed against it by Plaintiff.  Moreover, and while "EEOC charges must be construed liberally since they are made by those unschooled in the technicalities of formal pleading," this Court has already noted that Plaintiff had legal counsel assist her in the drafting and filing of her Charge of Discrimination, which would diminish such a reading here. [<u>See</u>, DE # 60, pg. 8-9].  Finally, and notwithstanding the above, it would be simply unreasonable – despite any liberal construction – to conclude a respondent not named in a Charge of Discrimination could later be named for the first time in a subsequent lawsuit.

## **CONCLUSION**

**WHEREFORE**, for the reasons set forth above, Defendants respectfully request that Plaintiff's Third Cause of Action against Cricket Wireless due to her failure to exhaust her administrative remedies, and thus, her failure to state a claim upon which relief can be granted.

Respectfully submitted this the 21st day of March, 2022.

**JACKSON LEWIS P.C.**

BY:     <u>/s/ *Ted N. Kazaglis*</u>
             TED N. KAZAGLIS
             N. C. State Bar No. 36452
             Jackson Lewis P.C.
             3737 Glenwood Avenue, Suite 450
             Raleigh, NC 27612
             Telephone:  (919) 760-6460
             Facsimile:   (919) 760-6461
             Email: Ted.Kazaglis@jacksonlewis.com

JOSHUA R. ADAMS
N. C. State Bar No. 49038
200 South College Street
Suite 1550, 15th Floor
Charlotte, NC  28202
Telephone: (980) 465-7239
Email:  Joshua.Adams@jacksonlewis.com


THOMAS M. LUCAS (*pro hac vice*)
MILENA RADOVIC (*pro hac vice*)
SHAUN M. BENNETT (*pro hac vice*)
Jackson Lewis P.C.
500 E Main Street, Suite 800
Norfolk, VA 23510
Telephone: (757) 648-1445
Facsimile:   (757) 648-1418
Email: thomas.lucas@jacksonlewis.com
         milena.radovic@jacksonlewis.com
         shaun.bennett@jacksonlewis.com

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO.: 5:20-cv-00504

| | |
|---|---|
| LUZ HERNANDEZ, on behalf of herself and all others similarly situated )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>MOBILE LINK (N.C.) LLC, )<br>MOBILELINK NORTH CAROLINA )<br>LLC, CRICKET WIRELESS LLC )<br>)<br>Defendants. | **CERTIFICATE OF COMPLIANCE** |

Pursuant to Local Rule 7.2(f), the undersigned counsel hereby certifies this Memorandum does not exceed 8,400 words.

**JACKSON LEWIS P.C.**

BY: /s/ *Ted N. Kazaglis*
TED N. KAZAGLIS
N. C. State Bar No. 36452
Jackson Lewis P.C.
3737 Glenwood Avenue, Suite 450
Raleigh, NC 27612
Telephone: (919) 760-6460
Facsimile: (919) 760-6461
Email: Ted.Kazaglis@jacksonlewis.com

JOSHUA R. ADAMS
N. C. State Bar No. 49038
200 South College Street
Suite 1550, 15th Floor
Charlotte, NC 28202
Telephone: (980) 465-7239
Email: Joshua.Adams@jacksonlewis.com

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO.: 5:20-cv-00504

| | |
|---|---|
| LUZ HERNANDEZ, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MOBILE LINK (N.C.) LLC, MOBILELINK NORTH CAROLINA LLC, CRICKET WIRELESS LLC<br><br>Defendants. | **CERTIFICATE OF SERVICE** |

    The undersigned certifies that on March 21, 2022, the foregoing was electronically filed with the Clerk of the Court, using the Court's CM/ECF electronic service system, which will send notification of such filing as follows:

Gilda A. Hernandez, Esq.
Charlotte C. Smith, Esq.
The Law Offices of Gilda A. Hernandez, PLLC
1020 Southhill Dr., Ste. 130
Cary, North Carolina 27513
Telephone: (919) 741-8693
Ghernandez@gildahernandezlaw.com
Csmith@gildahernandez.com
*Attorneys for Plaintiff*

**JACKSON LEWIS P.C.**

BY:    */s/ Ted N. Kazaglis*
       TED N. KAZAGLIS
       N. C. State Bar No. 36452
       Jackson Lewis P.C.
       3737 Glenwood Avenue, Suite 450
       Raleigh, NC 27612
       Telephone: (919) 760-6460
       Facsimile: (919) 760-6461
       Email: Ted.Kazaglis@jacksonlewis.com

JOSHUA R. ADAMS
N. C. State Bar No. 49038
200 South College Street
Suite 1550, 15th Floor
Charlotte, NC  28202
Telephone: (980) 465-7239
Email:  Joshua.Adams@jacksonlewis.com

THOMAS M. LUCAS (*pro hac vice*)
MILENA RADOVIC (*pro hac vice*)
SHAUN M. BENNETT (*pro hac vice*)
Jackson Lewis P.C.
500 E Main Street, Suite 800
Norfolk, VA 23510
Telephone: (757) 648-1445
Facsimile:   (757) 648-1418
Email: thomas.lucas@jacksonlewis.com
         milena.radovic@jacksonlewis.com
         shaun.bennett@jacksonlewis.com

*Attorneys for Defendants*

4856-6225-6150, v. 1