IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO.: 5:20-cv-00504

LUZ HERNANDEZ, on behalf of herself )
and all others similarly situated )
)
Plaintiffs, )
) **DEFENDANT CRICKET WIRELESS,**
v. ) **LLC'S ANSWER AND AFFIRMATIVE**
) **DEFENSES TO PLAINTIFF'S**
MOBILE LINK (N.C.) LLC, ) **SECOND AMENDED COMPLAINT**
MOBILELINK NORTH CAROLINA )
LLC, CRICKET WIRELESS LLC )
)
Defendants. )

**NOW COMES** Defendant Cricket Wireless, LLC ("Cricket Wireless" or "Defendant"),

by and through its undersigned counsel, and for Defendant's Answer and Affirmative Defenses

("Answer") to Plaintiff's Second Amended Complaint state as follows:

## FIRST DEFENSE

Defendant responds to the specifically enumerated allegations in the Second Amended

Complaint [DE # 84] (Plaintiff's Complaint") filed by Plaintiff, Luz Hernandez ("Plaintiff"), on

behalf of herself and all others similar situated, against it and Defendants Mobilelink (N.C.) LLC

and Mobilelink North Carolina (collectively, ("Mobilelink") as follows:

## PRELIMINARY STATEMENT

1.    The allegations contained in Paragraph 1 of Plaintiff's Complaint constitute legal

conclusions to which no response is required.  To the extent a response to the allegations

contained in Paragraph 1 of Plaintiff's Complaint is deemed necessary, those allegations are

denied.

2.     In response to Paragraph 2 of Plaintiff's Complaint, it is admitted that Plaintiff worked for Mobile Link (N.C.) LLC.  It is further admitted that Mobilelink is presently Cricket Wireless' largest authorized retailer.  Except as expressly admitted, the allegations contained in Paragraph 2 of Plaintiff's Complaint are denied.

3.     The allegations contained in Paragraph 3 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response to the allegations contained in Paragraph 3 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

4.     Defendant admits that Plaintiff's Complaint alleges violation of the FLSA. Otherwise, the allegations contained in Paragraph 4 of Plaintiff's Complaint are denied.

5.     Cricket Wireless is not the employer of Plaintiff Luz Hernandez or those of the putative class.  As such, the allegations contained in Paragraph 5 of Plaintiff's Complaint are denied.

6.     The allegations contained in Paragraph 6 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response to the allegations contained in Paragraph 6 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

7.     In response to Paragraph 7 of Plaintiff's Complaint, it is admitted that Plaintiff has asserted a claim under the North Carolina Wage and Hour Act. Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegation that Plaintiff is a North Carolina resident. Furthermore, the allegations contained in Paragraph 7 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response to the allegations contained in Paragraph 7 of Plaintiff's Complaint is deemed necessary, those allegations are denied.  The allegations contained in Paragraph 7 of Plaintiff's Complaint are further denied

as Cricket Wireless is not the employer of Plaintiff Luz Hernandez or those other alleged members of a putative class.

8. Defendant admits that Plaintiff seeks certification of a class of persons under Rule 23 of the Federal Rules of Civil Procedure and denies that Plaintiff is entitled to such certification. Otherwise, to the extent a response to the allegations contained in Paragraph 8 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

9. In response to Paragraph 9 of Plaintiff's Complaint, it is admitted that Plaintiff alleges violations of Title VII and North Carolina Public Policy. However, the allegations contained in Paragraph 9 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response to the allegations contained in Paragraph 9 of Plaintiff's Complaint is deemed necessary, those allegations are denied. The allegations contained in Paragraph 9 of Plaintiff's Complaint are further denied as Cricket Wireless is not the employer of Plaintiff Luz Hernandez.

**PARTIES**

10. Defendant is without sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in the first sentence of Paragraph 10 of Plaintiff's Complaint relating to Plaintiff's residency. Upon information and belief, Defendant admits that Plaintiff worked for Mobile Link (N.C.) LLC at the Crossroads of Cary location. Moreover, to the extent the allegations contained in Paragraph 10 imply that Plaintiff was an employee of Cricket Wireless, such an allegation is expressly denied. Except as expressly admitted, the allegations contained in Paragraph 10 of the Plaintiff's Complaint are denied based upon Defendant's lack of knowledge at this time.

11.     Paragraph 11 of Plaintiff's Complaint is not directed to Cricket Wireless. Further, Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 11 of the Complaint and denies such allegations.

12.     Paragraph 12 of Plaintiff's Complaint is not directed to Cricket Wireless. Further, Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 12 of the Complaint and denies such allegations.

13.     Paragraph 13 of Plaintiff's Complaint is not directed to Cricket Wireless. Further, Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 13 of the Complaint and denies such allegations.

14.     Defendant admits that it is engaged in marketing wireless service to the public, but denies all remaining allegations contained in Paragraph 14 of the Complaint.

15.     The allegations contained in Paragraph 15 of the Plaintiff's Complaint are admitted.

16.     The allegations contained in Paragraph 16 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response to the allegations contained in Paragraph 16 of Plaintiff's Complaint is deemed necessary, those allegations are denied. Defendant expressly denies that it employed the Plaintiff, or any other alleged putative class member.

17.     The allegations contained in Paragraph 17 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response to the allegations contained in Paragraph 17 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

18.     The allegations contained in Paragraph 18 of the Complaint are denied. The allegations contained in this paragraph are further denied as Cricket Wireless was not the employer of Plaintiff Luz Hernandez or any other alleged member of a putative class.

19.     The allegations contained in Paragraph 19 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response to the allegations contained in Paragraph 19 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

## JURISDICTION AND VENUE

20.     The allegations contained in Paragraph 20 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response to the allegations contained in Paragraph 20 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

21.     The allegations contained in Paragraph 21 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response to the allegations contained in Paragraph 21 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

22.     The allegations contained in Paragraph 22 of Plaintiff's Complaint constitute legal conclusions to which no response is required. Cricket Wireless denies that it has a primary place of business in Wake County, North Carolina. To the extent a response to any other allegations contained in Paragraph 22 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

23.     The allegations contained in Paragraph 23 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response to the allegations contained in Paragraph 23 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

24.     The allegations contained in Paragraph 24 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response to the allegations contained in Paragraph 24 of Plaintiff's Complaint is deemed necessary, those allegations are denied.  Further, Cricket Wireless lacks sufficient knowledge or information to admit or deny

where the alleged cause of action arose, since it is not the Plaintiff's employer, and therefore denies such allegations.

## COVERAGE

25.    The allegations contained in Paragraph 25 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response to the allegations contained in Paragraph 25 of Plaintiff's Complaint is deemed necessary, the allegations contained in Paragraph 25 of Plaintiff's Complaint are denied.

26.    The allegations contained in Paragraph 26 of Plaintiff's Complaint constitute legal conclusions to which no response is required.  To the extent a response to the allegations contained in Paragraph 26 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

27.    The allegations contained in Paragraph 27 of Plaintiff's Complaint constitute legal conclusions to which no response is required.  To the extent a response to the allegations contained in Paragraph 27 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

28.    The allegations contained in Paragraph 28 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response to the allegations contained in Paragraph 28 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

## SINGLE ENTERPRISE AND JOINT EMPLOYMENT ALLEGATIONS

29.    Paragraph 29 of Plaintiff's Complaint is not directed to Cricket Wireless.  However, Defendant admits that Mobilelink is the largest authorized retailer of Cricket Wireless services, but all remaining allegations contained in Paragraph 29 of the Complaint are denied.

30. Defendant admits that Mobile Link (N.C.) LLC sells Cricket Wireless service to the public. Except as expressly admitted, the allegations contained in Paragraph 30 of Plaintiff's Complaint are denied.

31. Defendant admits it provides Mobile Link (N.C.) LLC computer training on Cricket Wireless services, products and systems that Defendant Mobile Link (N.C.) LLC can provide to its sales associates. Except as expressly admitted, the allegations contained in Paragraph 31 of Plaintiff's Complaint are denied.

32. Defendant admits that its employees make periodic visits to Mobile Link (N.C.) LLC store facilities to gather data concerning those stores merchandising of Cricket Wireless services. Defendant admits that Mobilelink sales associates wear name tags and clothing which identify it as an authorized retailer of Defendant. Except as expressly admitted herein, the allegations contained in Paragraph 32 of Plaintiff's Complaint are denied.

33. Defendant admits that its representatives may discuss products and marketing with Mobile Link (N.C) LLC representatives. Except as expressly admitted, the remaining allegations contained in Paragraph 33 of Plaintiff's Complaint are denied.

34. The allegations contained in Paragraph 34 of Plaintiff's Complaint are denied.

35. The allegations contained in Paragraph 35 of Plaintiff's Complaint are denied.

36. The allegations contained in Paragraph 36 of Plaintiff's Complaint are denied.

37. The allegations contained in Paragraph 37 of Plaintiff's Complaint are denied.

38. The allegations contained in Paragraph 38 of Plaintiff's Complaint are denied.

39. Defendant admits is provides computer systems to Mobile Link (N.C.) LLC which enable Mobilelink employees to access Cricket Wireless customer information. Except as

expressly admitted herein, the allegations contained in Paragraph 39 of Plaintiff's Complaint are denied.

40.     Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in Paragraph 40 of Plaintiff's Complaint. Accordingly, the allegations contained in Paragraph 40 of Plaintiff's Complaint are denied.

41.     The allegations contained in Paragraph 41 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response to the allegations contained in Paragraph 41 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

## CONDITIONS PRECEDENT TO FILING LAWSUIT

42.     The allegations contained in Paragraph 42 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response to the allegations contained in Paragraph 42 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

43.     Cricket Wireless admits that it is an employer within the meaning of Title VII but denies that it was or is the employer of the Plaintiff and any putative class members. The allegations contained in Paragraph 43 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response to the allegations contained in Paragraph 43 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

44.     Paragraph 44 of Plaintiff's Complaint is not directed to Cricket Wireless as it was not the employer of Plaintiff Luz Hernandez, and Cricket Wireless expressly denies that the Plaintiff filed a Charge of Discrimination identifying, naming or addressed to, Cricket Wireless at any time. Accordingly, the allegations contained in Paragraph 44 of the Complaint are denied.

45.     Paragraph 45 of Plaintiff's Complaint is not directed to Cricket Wireless as it was not the employer of Plaintiff Luz Hernandez, and the Plaintiff did not file a Charge of discrimination against Cricket Wireless.  Accordingly, the allegations contained in Paragraph 45 of the Complaint are denied.

46.     Paragraph 46 of Plaintiff's Complaint is not directed to Cricket Wireless as it was not the employer of Plaintiff Luz Hernandez, and the Plaintiff did not file any Charge of discrimination against Cricket Wireless. Accordingly, the allegations contained in Paragraph 46 of the Complaint are denied. The allegations contained in Paragraph 46 of Plaintiff's Complaint are denied because they constitute legal conclusions to which no response is required.

## WAGE-RELATED FACTUAL ALLEGATIONS

47.     Paragraph 47 of Plaintiff's Complaint is not directed to Cricket Wireless, although it is admitted that Mobilelink is presently the largest authorized retailer of Cricket Wireless.  The remaining allegations contained in Paragraph 47 of Plaintiff's Complaint are denied.

48.     The allegations contained in Paragraph 48 of Plaintiff's Complaint are denied.

49.     The allegations contained in Paragraph 49 of Plaintiff's Complaint are denied.

50.     The allegations contained in Paragraph 50 of Plaintiff's Complaint are denied.

51.     Upon information and belief, Cricket Wireless admits that Plaintiff was employed by Defendant Mobile Link (N.C.) LLC. Except as expressly admitted, the allegations contained in Paragraph 51 of Plaintiff's Complaint are denied.

52.     Cricket Wireless lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 52 of Plaintiff's Complaint, which are addressed to Defendant Mobilelink and are denied.

53.     Cricket Wireless lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 53 of Plaintiff's Complaint which are addressed to Defendant Mobilelink and are denied.

54.     Cricket Wireless lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 54 of Plaintiff's Complaint which are addressed to Defendant Mobilelink and are denied.

55.     Cricket Wireless lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 55 of Plaintiff's Complaint which are addressed to Defendant Mobilelink and are denied.

56.     Cricket Wireless lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 56 of Plaintiff's Complaint which are addressed to Defendant Mobilelink and are denied.

57.     Cricket Wireless lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 57 of Plaintiff's Complaint which are addressed to Defendant Mobilelink and are denied.

58.     Cricket Wireless lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 58 of Plaintiff's Complaint which are addressed to Defendant Mobilelink and are denied.

59.     Cricket Wireless lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 59 of Plaintiff's Complaint which are addressed to Defendant Mobilelink and are denied.

60.     Cricket Wireless lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 60 of Plaintiff's Complaint which are addressed to Defendant Mobilelink and are denied.

61.     Cricket Wireless lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 61 of Plaintiff's Complaint which are addressed to Defendant Mobilelink and are denied.

62.     Cricket Wireless lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 62 of Plaintiff's Complaint which are addressed to Defendant Mobilelink and are denied.

63.     Cricket Wireless lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 63 of Plaintiff's Complaint which are addressed to Defendant Mobilelink and are denied.

64.     Cricket Wireless lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 64 of Plaintiff's Complaint which are addressed to Defendant Mobilelink, and which constitute legal conclusions to which no response is required.  To the extent a response to the allegations contained in Paragraph 64 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

65.     Cricket Wireless lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 65 of Plaintiff's Complaint which are addressed to Defendant Mobilelink and are denied.

66.     Cricket Wireless lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 66 of Plaintiff's Complaint which are addressed to Defendant Mobilelink and are denied.

67.     Cricket Wireless lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 67 of Plaintiff's Complaint which are addressed to Defendant Mobilelink and are denied.

68.     Cricket Wireless lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 68 of Plaintiff's Complaint which are addressed to Defendant Mobilelink and are denied.

69.     Cricket Wireless lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 69 of Plaintiff's Complaint which are addressed to Defendant Mobilelink and are denied.

70.     Cricket Wireless lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 70 of Plaintiff's Complaint which are addressed to Defendant Mobilelink and are denied.

71.     Cricket Wireless lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 71 of Plaintiff's Complaint which are addressed to Defendant Mobilelink and are denied.

72.     Cricket Wireless lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 72 of Plaintiff's Complaint which are addressed to Defendant Mobilelink and which constitute legal conclusions to which no response is required.  To the extent a response to the allegations contained in Paragraph 72 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

73.     Cricket Wireless lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 73 of Plaintiff's Complaint which are addressed to Defendant Mobilelink and are denied.

74.     Cricket Wireless lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 74 of Plaintiff's Complaint which are addressed to Defendant Mobilelink and are denied.

75.     Cricket Wireless lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 75 of Plaintiff's Complaint which are addressed to Defendant Mobilelink and are denied.

76.     Cricket Wireless lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 76 of Plaintiff's Complaint which are addressed to Defendant Mobilelink and are denied.

77.     Cricket Wireless lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 77 of Plaintiff's Complaint which are addressed to Defendant Mobilelink and constitute legal conclusions to which no response is required.  To the extent a response to the allegations contained in Paragraph 77 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

## RACE-BASED DISCRIMINATION, HARASSMENT, AND WRONGFUL TERMINATION ALLEGATIONS

78. Cricket Wireless lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 78 of Plaintiff's Complaint which are addressed to Defendant Mobilelink and constitute legal conclusions to which no response is required.  To the extent a response to the allegations contained in Paragraph 78 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

79. Cricket Wireless lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 79 of Plaintiff's Complaint which are addressed to Defendant Mobilelink and constitute legal conclusions to which no response is required.  To the extent a response to the allegations

contained in Paragraph 797 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

80. Cricket Wireless lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 80 of Plaintiff's Complaint which are addressed to Defendant Mobilelink and constitute legal conclusions to which no response is required. To the extent a response to the allegations contained in Paragraph 80 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

81. Cricket Wireless lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 81 of Plaintiff's Complaint which are addressed to Defendant Mobilelink and constitute legal conclusions to which no response is required. To the extent a response to the allegations contained in Paragraph 8177 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

82. Cricket Wireless lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 82 of Plaintiff's Complaint which are addressed to Defendant Mobilelink and constitute legal conclusions to which no response is required. To the extent a response to the allegations contained in Paragraph 82 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

83. Cricket Wireless lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 83 of Plaintiff's Complaint which are addressed to Defendant Mobilelink and constitute legal conclusions to which no response is required. To the extent a response to the allegations contained in Paragraph 83 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

84. Cricket Wireless lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 84 of Plaintiff's Complaint which are addressed to Defendant Mobilelink and constitute legal conclusions to which no response is required. To the extent a response to the allegations contained in Paragraph 84 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

85. Cricket Wireless lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 85 of Plaintiff's Complaint which are addressed to Defendant Mobilelink and constitute legal conclusions to which no response is required. To the extent a response to the allegations contained in Paragraph 85 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

86. Cricket Wireless lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 86 of Plaintiff's Complaint which are addressed to Defendant Mobilelink and constitute legal conclusions to which no response is required. To the extent a response to the allegations contained in Paragraph 86 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

87. Cricket Wireless lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 87 of Plaintiff's Complaint which are addressed to Defendant Mobilelink and constitute legal conclusions to which no response is required. To the extent a response to the allegations contained in Paragraph 87 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

88. Cricket Wireless lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 88 of Plaintiff's Complaint which are addressed to Defendant Mobilelink and constitute legal conclusions to which no response is required. To the extent a response to the

allegations contained in Paragraph 88 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

89.     Cricket Wireless lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 89 of Plaintiff's Complaint which are addressed to Defendant Mobilelink and constitute legal conclusions to which no response is required.  To the extent a response to the allegations contained in Paragraph 89 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

90.     Cricket Wireless lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 90 of Plaintiff's Complaint which are addressed to Defendant Mobilelink and constitute legal conclusions to which no response is required.  To the extent a response to the allegations contained in Paragraph 90 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

91.     Cricket Wireless lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 91 of Plaintiff's Complaint which are addressed to Defendant Mobilelink and constitute legal conclusions to which no response is required.  To the extent a response to the allegations contained in Paragraph 91 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

92.     Cricket Wireless lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 92 of Plaintiff's Complaint which are addressed to Defendant Mobilelink and constitute legal conclusions to which no response is required.  To the extent a response to the allegations contained in Paragraph 92 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

93.     Cricket Wireless lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 93 of Plaintiff's Complaint which are addressed to Defendant Mobilelink and constitute legal conclusions to which no response is required. To the extent a response to the allegations contained in Paragraph 93 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

94.     Cricket Wireless lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 94 of Plaintiff's Complaint which are addressed to Defendant Mobilelink and constitute legal conclusions to which no response is required. To the extent a response to the allegations contained in Paragraph 94 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

95.     Cricket Wireless lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 95 of Plaintiff's Complaint which are addressed to Defendant Mobilelink and constitute legal conclusions to which no response is required. To the extent a response to the allegations contained in Paragraph 95 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

96.     Cricket Wireless lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 96 of Plaintiff's Complaint which are addressed to Defendant Mobilelink and constitute legal conclusions to which no response is required. To the extent a response to the allegations contained in Paragraph 96 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

97.     Cricket Wireless lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 97 of Plaintiff's Complaint which are addressed to Defendant Mobilelink and constitute legal conclusions to which no response is required. To the extent a response to the

allegations contained in Paragraph 97 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

98.     Cricket Wireless lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 98 of Plaintiff's Complaint which are addressed to Defendant Mobilelink and constitute legal conclusions to which no response is required.  To the extent a response to the allegations contained in Paragraph 98 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

99.     Cricket Wireless lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 99 of Plaintiff's Complaint which are addressed to Defendant Mobilelink and constitute legal conclusions to which no response is required.  To the extent a response to the allegations contained in Paragraph 99 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

100.     Cricket Wireless lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 100 of Plaintiff's Complaint which are addressed to Defendant Mobilelink and constitute legal conclusions to which no response is required.  To the extent a response to the allegations contained in Paragraph 100 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

101.     Cricket Wireless lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 101 of Plaintiff's Complaint which are addressed to Defendant Mobilelink and constitute legal conclusions to which no response is required.  To the extent a response to the allegations contained in Paragraph 101 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

102.	Cricket Wireless lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 102 of Plaintiff's Complaint which are addressed to Defendant Mobilelink and constitute legal conclusions to which no response is required.  To the extent a response to the allegations contained in Paragraph 102 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

103.	Cricket Wireless lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 103 of Plaintiff's Complaint which are addressed to Defendant Mobilelink and constitute legal conclusions to which no response is required.  To the extent a response to the allegations contained in Paragraph 103 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

## FLSA COLLECTIVE ACTION ALLEGATIONS

104.	Defendant admits that Plaintiff has filed a Complaint alleging a collective action under the FLSA.  Except as expressly admitted herein, the allegations contained in Paragraph 104 of Plaintiff's Complaint which constitute legal conclusions to which no answer is required and are denied.

105.	The allegations contained in Paragraph 105 of Plaintiff's Complaint constitute legal conclusions to which no response is required.  To the extent a response to the allegations contained in Paragraph 105 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

106.	Paragraph 106 of Plaintiff's Complaint is not directed to Cricket Wireless as Cricket Wireless was not the employer of Plaintiff Luz Hernandez or members of the Putative Class.  Accordingly, the allegations contained in Paragraph 106 of Plaintiff's Complaint are denied.

Furthermore, the allegations contained in Paragraph 106 of Plaintiff's Complaint constitute legal conclusions to which no response is required and are denied.

107.    Paragraph 107 of Plaintiff's Complaint is not directed to Cricket Wireless as Cricket Wireless was not the employer of Plaintiff Luz Hernandez or members of the Putative Class. Accordingly, the allegations contained in Paragraph 107 of Plaintiff's Complaint are denied. Further, the allegations contained in Paragraph 107 of Plaintiff's Complaint constitute legal conclusions to which no response is required and are denied.

108.    Paragraph 108 of Plaintiff's Complaint is not directed to Cricket Wireless as Cricket Wireless was not the employer of Plaintiff Luz Hernandez or members of the Putative Class. Accordingly, the allegations contained in Paragraph 108 of Plaintiff's Complaint are denied. Further, the allegations contained in Paragraph 108 of Plaintiff's Complaint constitute legal conclusions to which no response is required and are denied.

109.    The allegations contained in Paragraph 109 of Plaintiff's Complaint constitute legal conclusions to which no response is required.  To the extent a response to the allegations contained in Paragraph 109 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

110.    The allegations contained in Paragraph 110 of Plaintiff's Complaint are denied.

111.    The allegations contained in Paragraph 111 of Plaintiff's Complaint constitute legal conclusions to which no response is required.  To the extent a response to the allegations contained in Paragraph 111 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

112.    The allegations contained in Paragraph 112 of Plaintiff's Complaint constitute legal conclusions to which no response is required.  To the extent a response to the allegations

contained in Paragraph 112 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

## NCWHA CLASS ACTION ALLEGATIONS

113. Defendant admits that Plaintiff has filed a Complaint alleging violation of the NCWHA. Except as expressly admitted herein, the allegations contained in Paragraph 113 of Plaintiff's Complaint are denied.

114. The allegations contained in Paragraph 114 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response to the allegations contained in Paragraph 114 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

115. The allegations contained in Paragraph 115 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response to the allegations contained in Paragraph 115 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

116. The allegations contained in Paragraph 116 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response to the allegations contained in Paragraph 116 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

117. The allegations contained in Paragraph 117 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response to the allegations contained in Paragraph 117 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

118.     The allegations contained in Paragraph 118 of Plaintiff's Complaint constitute legal conclusions to which no response is required.  To the extent a response to the allegations contained in Paragraph 118 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

119.     Paragraph 119 of Plaintiff's Complaint is not directed to Cricket Wireless as Cricket Wireless was not the employer of Plaintiff Luz Hernandez or members of the Putative Class.  Accordingly, the allegations contained in Paragraph 119 of Plaintiff's Complaint are denied. Further, the allegations contained in Paragraph 119 of Plaintiff's Complaint constitute legal conclusions to which no response is required and are denied

120.     The allegations contained in Paragraph 120 of Plaintiff's Complaint are denied.

## COUNT ONE
## Violation of the Fair Labor Standards Act, 29 U.S.C. § 207

121.     Defendant's responses throughout this Answer to the allegations contained in Paragraphs 1 through 120 of Plaintiff's Complaint are restated and incorporated by reference as if fully set forth herein.

122.     The allegations contained in Paragraph 122 of Plaintiff's Complaint constitute legal conclusions to which no response is required.  To the extent a response to the allegations contained in Paragraph 122 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

123.     The allegations contained in Paragraph 123 of Plaintiff's Complaint constitute legal conclusions to which no response is required.  To the extent a response to the allegations contained in Paragraph 123 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

124.     The allegations contained in Paragraph 124 of Plaintiff's Complaint are denied as they constitute legal conclusions to which no response is required. To the extent a response to the allegations contained in Paragraph 124 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

125.     The allegations contained in Paragraph 125 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response to the allegations contained in Paragraph 125 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

126.     Paragraph 126 of Plaintiff's Complaint is not directed to Cricket Wireless as Cricket Wireless was not the employer of Plaintiff Luz Hernandez or members of the Putative Class. Accordingly, the allegations contained in Paragraph 126 of Plaintiff's Complaint are denied. Further, the allegations contained in Paragraph 126 of Plaintiff's Complaint constitute legal conclusions to which no response is required and are denied.

127.     Paragraph 127 of Plaintiff's Complaint is not directed to Cricket Wireless as Cricket Wireless was not the employer of Plaintiff Luz Hernandez or members of the Putative Class. Accordingly, the allegations contained in Paragraph 127 of Plaintiff's Complaint are denied. Further, the allegations contained in Paragraph 127 of Plaintiff's Complaint constitute legal conclusions to which no response is required and are denied.

128.     Paragraph 128 of Plaintiff's Complaint is not directed to Cricket Wireless as Cricket Wireless was not the employer of Plaintiff Luz Hernandez or members of the Putative Class. Accordingly, the allegations contained in Paragraph 128 of Plaintiff's Complaint are denied. Further, the allegations contained in Paragraph 128 of Plaintiff's Complaint constitute legal conclusions to which no response is required and are denied.

129.     Paragraph 129 of Plaintiff's Complaint is not directed to Cricket Wireless as Cricket Wireless was not the employer of Plaintiff Luz Hernandez or members of the Putative Class.  Accordingly, the allegations contained in Paragraph 129 of Plaintiff's Complaint are denied.  Further, the allegations contained in Paragraph 129 of Plaintiff's Complaint constitute legal conclusions to which no response is required and are denied.

130.     Paragraph 130 of Plaintiff's Complaint is not directed to Cricket Wireless as Cricket Wireless was not the employer of Plaintiff Luz Hernandez or members of the Putative Class.  Accordingly, the allegations contained in Paragraph 130 of Plaintiff's Complaint are denied.  Further, the allegations contained in Paragraph 130 of Plaintiff's Complaint constitute legal conclusions to which no response is required and are denied.

<u>**COUNT TWO**</u>
**Violation of the North Carolina Wage and Hour Act**
**N.C. Gen. Stat. §95-25.6**

131.     Defendant's responses throughout this Answer to the allegations contained in Paragraphs 1 through 130 of Plaintiff's Complaint are restated and incorporated by reference as if fully set forth herein.

132.     The allegations contained in Paragraph 132 of Plaintiff's Complaint constitute legal conclusions to which no response is required.  To the extent a response to the allegations contained in Paragraph 132 of Plaintiff's Complaint is deemed necessary, the allegations are denied.

133.     Paragraph 133 of Plaintiff's Complaint is not directed to Cricket Wireless as Cricket Wireless was not the employer of Plaintiff Luz Hernandez or members of the Putative Class.  Accordingly, the allegations contained in Paragraph 133 of Plaintiff's Complaint are

denied. Further, the allegations contained in Paragraph 133 of Plaintiff's Complaint constitute legal conclusions to which no response is required and are denied.

134.     The allegations contained in Paragraph 134 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response to the allegations contained in Paragraph 134 of Plaintiff's Complaint is deemed necessary, the allegations are denied.

135.     The allegations contained in Paragraph 135 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response to the allegations contained in Paragraph 135 of Plaintiff's Complaint is deemed necessary, the allegations are denied.

136.     The allegations contained in Paragraph 136 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response to the allegations contained in Paragraph 136 of Plaintiff's Complaint is deemed necessary, the allegations are denied.

137.     The allegations contained in Paragraph 137 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response to the allegations contained in Paragraph 137 of Plaintiff's Complaint is deemed necessary, the allegations are denied.

138.     The allegations contained in Paragraph 138 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response to the allegations contained in Paragraph 138 of Plaintiff's Complaint is deemed necessary, the allegations are denied.

139.     The allegations contained in Paragraph 139 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response to the allegations contained in Paragraph 139 of Plaintiff's Complaint is deemed necessary, the allegations are denied.

140.     Paragraph 140 of Plaintiff's Complaint is not directed to Cricket Wireless as Cricket Wireless was not the employer of Plaintiff Luz Hernandez or members of the Putative Class. Accordingly, the allegations contained in Paragraph 140 of Plaintiff's Complaint are denied. Further, the allegations contained in Paragraph 140 of Plaintiff's Complaint constitute legal conclusions to which no response is required and are denied.

141.     Paragraph 141 of Plaintiff's Complaint is not directed to Cricket Wireless as Cricket Wireless was not the employer of Plaintiff Luz Hernandez or members of the Putative Class. Accordingly, the allegations contained in Paragraph 141 of Plaintiff's Complaint are denied.

142.     Paragraph 142 of Plaintiff's Complaint is not directed to Cricket Wireless as Cricket Wireless was not the employer of Plaintiff Luz Hernandez or members of the Putative Class. Accordingly, the allegations contained in Paragraph 142 of Plaintiff's Complaint are denied.

143.     Paragraph 143 of Plaintiff's Complaint is not directed to Cricket Wireless as Cricket Wireless was not the employer of Plaintiff Luz Hernandez or members of the Putative Class. Accordingly, the allegations contained in Paragraph 140 of Plaintiff's Complaint are denied.

144.     Paragraph 144 of Plaintiff's Complaint is not directed to Cricket Wireless as Cricket Wireless was not the employer of Plaintiff Luz Hernandez or members of the Putative

Class.  Accordingly, the allegations contained in Paragraph 144 of Plaintiff's Complaint are denied.

145.    Paragraph 145 of Plaintiff's Complaint is not directed to Cricket Wireless as Cricket Wireless was not the employer of Plaintiff Luz Hernandez or members of the Putative Class.  Accordingly, the allegations contained in Paragraph 145 of Plaintiff's Complaint are denied. Further, the allegations contained in Paragraph 145 of Plaintiff's Complaint constitute legal conclusions to which no response is required and are denied.

146.    Paragraph 146 of Plaintiff's Complaint is not directed to Cricket Wireless as Cricket Wireless was not the employer of Plaintiff Luz Hernandez or members of the Putative Class.  Accordingly, the allegations contained in Paragraph 146 of Plaintiff's Complaint are denied. Further, the allegations contained in Paragraph 146 of Plaintiff's Complaint constitute legal conclusions to which no response is required and are denied.

147.    Paragraph 147 of Plaintiff's Complaint is not directed to Cricket Wireless as Cricket Wireless was not the employer of Plaintiff Luz Hernandez or members of the Putative Class.  Accordingly, the allegations contained in Paragraph 147 of Plaintiff's Complaint are denied. Further, the allegations contained in Paragraph 147 of Plaintiff's Complaint constitute legal conclusions to which no response is required and are denied.

148.    Paragraph 148 of Plaintiff's Complaint is not directed to Cricket Wireless as Cricket Wireless was not the employer of Plaintiff Luz Hernandez or members of the Putative Class.  Accordingly, the allegations contained in Paragraph 148 of Plaintiff's Complaint are denied. Further, the allegations contained in Paragraph 148 of Plaintiff's Complaint constitute legal conclusions to which no response is required and are denied.

## THIRD CAUSE OF ACTION
## Race Discrimination – Hostile Work Environment and Wrongful Termination
## 42 U.S.C. §2000e, et. seq.

149.     Defendant's responses throughout this Answer to the allegations contained in Paragraphs 1 through 148 of Plaintiff's Complaint are restated and incorporated by reference as if fully set forth herein.

150.     Paragraph 150 of Plaintiff's Complaint is not directed to Cricket Wireless as Cricket Wireless was not the employer of Plaintiff Luz Hernandez or members of the Putative Class. Accordingly, the allegations contained in Paragraph 150 of Plaintiff's Complaint are denied. Further, the allegations contained in Paragraph 150 of Plaintiff's Complaint constitute legal conclusions to which no response is required and are denied.

151.     Paragraph 151 of Plaintiff's Complaint is not directed to Cricket Wireless as Cricket Wireless was not the employer of Plaintiff Luz Hernandez or members of the Putative Class. Accordingly, the allegations contained in Paragraph 151 of Plaintiff's Complaint are denied. Further, the allegations contained in Paragraph 151 of Plaintiff's Complaint constitute legal conclusions to which no response is required and are denied.

152.     Paragraph 152 of Plaintiff's Complaint is not directed to Cricket Wireless as Cricket Wireless was not the employer of Plaintiff Luz Hernandez or members of the Putative Class. Accordingly, the allegations contained in Paragraph 152 of Plaintiff's Complaint are denied.

153.     Paragraph 153 of Plaintiff's Complaint is not directed to Cricket Wireless as Cricket Wireless was not the employer of Plaintiff Luz Hernandez or members of the Putative Class. Accordingly, the allegations contained in Paragraph 153 of Plaintiff's Complaint are

denied. Further, the allegations contained in Paragraph 153 of Plaintiff's Complaint constitute legal conclusions to which no response is required and are denied.

154.     Paragraph 154 of Plaintiff's Complaint is not directed to Cricket Wireless as Cricket Wireless was not the employer of Plaintiff Luz Hernandez or members of the Putative Class. Accordingly, the allegations contained in Paragraph 154 of Plaintiff's Complaint are denied. Further, the allegations contained in Paragraph 154 of Plaintiff's Complaint constitute legal conclusions to which no response is required and are denied.

155.     Paragraph 155 of Plaintiff's Complaint is not directed to Cricket Wireless as Cricket Wireless was not the employer of Plaintiff Luz Hernandez or members of the Putative Class. Accordingly, the allegations contained in Paragraph 155 of Plaintiff's Complaint are denied. Further, the allegations contained in Paragraph 155 of Plaintiff's Complaint are further denied as they constitute legal conclusions to which no response is required.

156.     Paragraph 156 of Plaintiff's Complaint is not directed to Cricket Wireless as Cricket Wireless was not the employer of Plaintiff Luz Hernandez or members of the Putative Class. Accordingly, the allegations contained in Paragraph 156 of Plaintiff's Complaint are denied.

157.     Paragraph 157 of Plaintiff's Complaint is not directed to Cricket Wireless as Cricket Wireless was not the employer of Plaintiff Luz Hernandez or members of the Putative Class. Accordingly, the allegations contained in Paragraph 157 of Plaintiff's Complaint are denied upon a lack of information. Further, the allegations contained in Paragraph 157 of Plaintiff's Complaint are further denied as they constitute legal conclusions to which no response is required.

158.     Paragraph 158 of Plaintiff's Complaint is not directed to Cricket Wireless as Cricket Wireless was not the employer of Plaintiff Luz Hernandez or members of the Putative Class. Accordingly, the allegations contained in Paragraph 158 of Plaintiff's Complaint are denied.

159.     Paragraph 159 of Plaintiff's Complaint is not directed to Cricket Wireless as Cricket Wireless was not the employer of Plaintiff Luz Hernandez or members of the Putative Class. Accordingly, the allegations contained in Paragraph 159 of Plaintiff's Complaint are denied Further, the allegations contained in Paragraph 159 of Plaintiff's Complaint are further denied as they constitute legal conclusions to which no response is required.

160.     Paragraph 160 of Plaintiff's Complaint is not directed to Cricket Wireless as Cricket Wireless was not the employer of Plaintiff Luz Hernandez or members of the Putative Class. Accordingly, the allegations contained in Paragraph 160 of Plaintiff's Complaint are denied. Further, the allegations contained in Paragraph 160 of Plaintiff's Complaint are further denied as they constitute legal conclusions to which no response is required.

161.     Paragraph 16 of Plaintiff's Complaint is not directed to Cricket Wireless as Cricket Wireless was not the employer of Plaintiff Luz Hernandez or members of the Putative Class. Accordingly, the allegations contained in Paragraph 161 of Plaintiff's Complaint are denied. Further, the allegations contained in Paragraph 161 of Plaintiff's Complaint are further denied as they constitute legal conclusions to which no response is required.

162.     Paragraph 162 of Plaintiff's Complaint is not directed to Cricket Wireless as Cricket Wireless was not the employer of Plaintiff Luz Hernandez or members of the Putative Class. Accordingly, the allegations contained in Paragraph 162 of Plaintiff's Complaint are

denied. Further, the allegations contained in Paragraph 162 of Plaintiff's Complaint are further denied as they constitute legal conclusions to which no response is required.

## FOURTH CAUSE OF ACTION
### Wrongful Discharge in Violation of North Carolina Public Policy
### North Carolina Common Law

163.     The allegations contained in Paragraph 163 of Plaintiff's Complaint constitute legal conclusions to which no response is required.  To the extent a response to the allegations contained in Paragraph 163 of Plaintiff's Complaint is deemed necessary, the allegations are denied.

164.     Paragraph 164 of Plaintiff's Complaint is not directed to Cricket Wireless as Cricket Wireless was not the employer of Plaintiff Luz Hernandez or members of the Putative Class.  Accordingly, the allegations contained in Paragraph 164 of Plaintiff's Complaint are denied. Further, the allegations contained in Paragraph 164 of Plaintiff's Complaint are further denied as they constitute legal conclusions to which no response is required.

165.     Paragraph 165 of Plaintiff's Complaint is not directed to Cricket Wireless as Cricket Wireless was not the employer of Plaintiff Luz Hernandez or members of the Putative Class.  Accordingly, the allegations contained in Paragraph 165 of Plaintiff's Complaint are denied. Further, the allegations contained in Paragraph 165 of Plaintiff's Complaint are further denied as they constitute legal conclusions to which no response is required.

166.     Paragraph 166 of Plaintiff's Complaint is not directed to Cricket Wireless as Cricket Wireless was not the employer of Plaintiff Luz Hernandez or members of the Putative Class.  Accordingly, the allegations contained in Paragraph 166 of Plaintiff's Complaint are denied. Further, the allegations contained in Paragraph 166 of Plaintiff's Complaint are further denied as they constitute legal conclusions to which no response is required.

**DEFENDANT DENIES THE ALLEGATIONS CONTAINED IN SECTIONS 1 THROUGH 9 OF THE PRAYER FOR RELIEF.**

**EACH AND EVERY ALLEGATION CONTAINED IN PLAINTIFF'S COMPLAINT, INCLUDING THE PRAYER FOR RELIEF, NOT SPECIFICALLY ADMITTED HEREIN, IS DENIED.**

## <u>SECOND DEFENSE</u>

The Complaint fails to state, in whole or in part, a claim against Defendant upon which relief may be granted, including because Defendant Cricket Wireless was never the employer of the Plaintiff in any capacity.

## <u>THIRD DEFENSE</u>

The employment practices of Defendant Cricket Wireless are now and have been during the period of time referred to in Plaintiff's Complaint, conducted in all respects in accordance with state and federal laws, and in good faith and without malice, without an evil motive and/or without a callous indifference to a state-protected or federally-protected right.

## <u>FOURTH DEFENSE</u>

In the alternative, Defendant Cricket Wireless pleads upon information and belief that Plaintiff failed to exercise reasonable diligence and ordinary care to minimize her damages, and Defendant therefore plead the doctrine of avoidable consequences and the defense of failure to mitigate damages in bar, in whole or in part, of Plaintiff's claim against Defendant.

## <u>FIFTH DEFENSE</u>

Plaintiffs' claims may be barred, in whole or in part, by the doctrines of after-acquired evidence, estoppel, waiver, or unclean hands.

## SIXTH DEFENSE

At no time did Defendant act in such a manner as to entitle Plaintiffs to liquidated damages, interest and/or attorney's fees pursuant to the North Carolina Wage and Hour Act.

## SEVENTH DEFENSE

Plaintiff's claim for alleged harassment against Defendant Cricket Wireless is barred and/or any recovery of damages is precluded because (i) Defendant exercised reasonable care to prevent and correct promptly any alleged harassing behavior and (ii) Plaintiff unreasonably failed to take advantage of Defendant preventive or corrective opportunities or to avoid harm otherwise, and because Cricket Wireless was never the Plaintiff's employer.

## EIGHTH DEFENSE

Defendant engaged in good faith efforts to comply with Title VII, and therefore cannot be held liable for punitive damages.

## NINTH DEFENSE

Plaintiff's claims are barred to the extent that this Court lacks subject matter and/or other jurisdiction over all or portions of Plaintiff's Complaint, including because the Plaintiff failed to exhaust her administrative remedies by filing a timely Charge of Discrimination with any relevant federal agency naming or identifying Defendant Cricket Wireless in any manner.

## TENTH DEFENSE

Plaintiff's Complaint fails to state a proper cause of action under Title VII against any defendant who is not an employer of the Plaintiff within the meaning of 42 U.S.C. § 2000e(b).

## ELEVENTH DEFENSE

Plaintiff cannot demonstrate severe and pervasive conduct that altered the conditions of her employment by Defendant Mobilelink.

## TWELFTH DEFENSE

Plaintiff cannot demonstrate severe and pervasive conduct that altered the conditions of her employment with Defendant Mobilelink.

## THIRTEENTH DEFENSE

The Plaintiff cannot establish that any acts or omissions of the Defendant were willful under the FLSA.

## FOURTEENTH DEFENSE

To the extent that the Plaintiffs' claimed damages were caused, in whole or in part, by their failure to comply with Defendant Mobilelink's policies, such failure preclude a finding of willfulness under the FLSA.

## FIFTEENTH DEFENSE

The Plaintiffs' claims are barred, or recovery of damages is precluded, under the *de minimis non curat lex* doctrine and by the provisions of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which the Plaintiffs were engaged in activities that were preliminary, postliminary, or incidental to principal activities.

## SIXTEENTH DEFENSE

The Plaintiffs' claims against Defendant are meritless as Defendant Cricket Wireless did not employ Plaintiff Luz Hernandez or members of the Putative Class.

## ADDITIONAL DEFENSES

Defendant reserves the right to amend its Answer, to assert additional affirmative defenses and/or to bring in third parties as Plaintiff's claim is more fully disclosed during the course of this litigation.

## PRAYER FOR RELIEF

**WHEREFORE**, having answered each and every allegation contained in Plaintiff's Complaint, Defendant makes the following prayer for relief:

1.     That Plaintiff have and recover nothing by way of her Complaint.

2.     That the costs of this matter be taxed to Plaintiff, including attorneys' fees;

3.     For a trial by jury of all issues of fact so triable; and

4.     For such other and further relief as the Court may deem just and proper.

Respectfully submitted this the 21st day of March, 2022.

**JACKSON LEWIS P.C.**

BY:     */s/ Ted N. Kazaglis*
        TED N. KAZAGLIS
        N. C. State Bar No. 36452
        Jackson Lewis P.C.
        3737 Glenwood Avenue, Suite 450
        Raleigh, NC 27612
        Telephone:  (919) 760-6460
        Facsimile:   (919) 760-6461
        Email:  Ted.Kazaglis@jacksonlewis.com

        JOSHUA R. ADAMS
        N. C. State Bar No. 49038
        200 South College Street
        Suite 1550, 15th Floor
        Charlotte, NC  28202
        Telephone: (980) 465-7239
        Email:  Joshua.Adams@jacksonlewis.com

        THOMAS M. LUCAS (*pro hac vice*)
        MILENA RADOVIC (*pro hac vice*)
        SHAUN M. BENNETT (*pro hac vice*)
        Jackson Lewis P.C.
        500 E Main Street, Suite 800
        Norfolk, VA 23510
        Telephone: (757) 648-1445
        Facsimile:   (757) 648-1418

Email: thomas.lucas@jacksonlewis.com
       milena.radovic@jacksonlewis.com
       shaun.bennett@jacksonlewis.com

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO.: 5:20-cv-00504

LUZ HERNANDEZ, on behalf of herself )
and all others similarly situated )
)
Plaintiffs, )
)
v. )  **CERTIFICATE OF SERVICE**
)
MOBILE LINK (N.C.) LLC, )
MOBILELINK NORTH CAROLINA )
LLC, CRICKET WIRELESS LLC )
)
Defendants. )

The undersigned certifies that on March 21, 2022, the foregoing was electronically filed with the Clerk of the Court, using the Court's CM/ECF electronic service system, which will send notification of such filing as follows:

Gilda A. Hernandez, Esq.
Charlotte C. Smith, Esq.
The Law Offices of Gilda A. Hernandez, PLLC
1020 Southhill Dr., Ste. 130
Cary, North Carolina 27513
Telephone: (919) 741-8693
Ghernandez@gildahernandezlaw.com
Csmith@gildahernandez.com
*Attorneys for Plaintiff*

**JACKSON LEWIS P.C.**

BY:    */s/ Ted N. Kazaglis*
TED N. KAZAGLIS
N. C. State Bar No. 36452
Jackson Lewis P.C.
3737 Glenwood Avenue, Suite 450
Raleigh, NC 27612
Telephone:  (919) 760-6460
Facsimile:   (919) 760-6461
Email:  Ted.Kazaglis@jacksonlewis.com

JOSHUA R. ADAMS
N. C. State Bar No. 49038
200 South College Street
Suite 1550, 15th Floor
Charlotte, NC  28202
Telephone: (980) 465-7239
Email:  Joshua.Adams@jacksonlewis.com

THOMAS M. LUCAS (*pro hac vice*)
MILENA RADOVIC (*pro hac vice*)
SHAUN M. BENNETT (*pro hac vice*)
Jackson Lewis P.C.
500 E Main Street, Suite 800
Norfolk, VA 23510
Telephone: (757) 648-1445
Facsimile:  (757) 648-1418
Email: thomas.lucas@jacksonlewis.com
        milena.radovic@jacksonlewis.com
        shaun.bennett@jacksonlewis.com

*Attorneys for Defendants*